UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-153-R

MATTHEW BAKER,                                                                                           PLAINTIFF

v.

WARREN COUNTY FISCAL COURT, ex rel,
CITY-COUNTY PLANNING COMMISSION OF
WARREN COUNTY et. al.,                                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Warren County Fiscal Court's ("Fiscal Court") Motion to Dismiss (Docket #4). The Plaintiff, Matthew Baker ("Mr. Baker") has responded to this motion (Docket #8), and the Fiscal Court has replied to that response (Docket #9). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

This matter relates to the use of property in Warren County, Kentucky, involving an amusement park owned by Defendant Beech Bend Raceway Park, Inc. ("Beech Bend"), which sits adjacent to property owned by Mr. Baker. Mr. Baker alleges that the Fiscal Court has failed to properly enforce a local zoning ordinance created in 1972 by the City of Bowling Green and Warren County ("1972 ordinance")[1], against Beech Bend that would prohibit it from enlarging, increasing or extending its use of its property. The Plaintiff has alleged state and federal law claims against the Defendant related to the enforcement of the ordinance.

---

[1] The parties have not listed the name and/or title of the ordinance, only that it was passed in 1972, and that the Plaintiff alleges that the Defendants violated Paragraphs A, C and D, of Sections 6.2-6.4, respectively.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

**DISCUSSION**

The Fiscal Court contends that Mr. Baker's complaint fails to state a claim on which relief may be granted because the Fiscal Court is immune from liability under both the state law and the federal law claims. In addition, the Fiscal Court argues that Mr. Baker may not recover punitive damages against the Fiscal Court under both state and federal law. The Court shall address these arguments separately.

### 1. State Law Claims Against the Fiscal Court

The Defendant puts forth three (3) arguments in its motion contending that Mr. Baker has

failed to state a claim on which relief may be granted under state law. In addition, the Defendant also asserts that the Plaintiff cannot recover punitive damages against the Defendant under his state law claims. The Court will address each of these arguments individually.

### *Sovereign Immunity under Kentucky Common Law*

In *Yanero v. Davis*, the Kentucky Supreme Court, in an opinion by Justice Cooper, held that state entities of the Commonwealth of Kentucky are entitled to immunity from tort liability under state law to the extent that the entity is performing a governmental function. *Yanero v. Davis*, 65 S.W.3d 510, 519-520 (Ky. 2001). In *Yanero*, the Court also held that state officials acting within their official capacity are entitled to absolute immunity in the performance of their duties. *Id.* at 517-18. Here, the Fiscal Court and all of its officers acting within their official capacities are immune from any state law claim brought against it by the Plaintiff. Though the Plaintiff alleges that there are exceptions to the *Yanero* decision that apply to this matter, the Plaintiff has not cited a post-*Yanero* decision or any other case that recognizes an exception related to the issue at hand. *See Withers v. University of Kentucky*, 939 S.W.2d 340, 346 (1997); *see also Collins v. Chandler*, 2003 WL 22149515, *2 (Ky. App. 2003)(holding that the Commonwealth is protected from a suit seeking monies from the state, even if the party asserts a taking claim against the Commonwealth). Accordingly, the Defendant has immunity from the state law claims filed against it by the Plaintiff.

### *Immunity Pursuant to the Claims Against Local Governments Act*

The Defendant argues that even if it is not immune from suit pursuant to common law, the Fiscal Court is immune under the Claims Against Local Governments Act ("CALGA"), KRS 65.2001, contending that CALGA precludes an action against a county for failure to enforce any

law or regulation. CALGA states, in pertinent part:

KRS § 65.2001
(1) Every action in tort against any local government in this Commonwealth for death, personal injury or property damages proximately caused by:
(a) Any defect or hazardous condition in public lands, buildings or other public property, including personalty;
(b) Any act or omission of any employee, while acting within the scope of his employment or duties; or
(c) Any act or omission of a person other than an employee for which the local government is or may be liable shall be subject to the provisions of KRS 65.2002 to 65.2006.

KRS § 65.2003
Notwithstanding KRS 65.2001, a local government shall not be liable for injuries or losses resulting from:
(1) Any claim by an employee of the local government which is covered by the Kentucky workers' compensation law;
(2) Any claim in connection with the assessment or collection of taxes;
(3) Any claim arising from the exercise of judicial, quasi-judicial, legislative or quasi-legislative authority or others, exercise of judgment or discretion vested in the local government, which shall include by example, but not be limited to:
(a) The adoption or failure to adopt any ordinance, resolution, order, regulation, or rule;
***(b) The failure to enforce any law;***
(c) The issuance, denial, suspension, revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization;
(d) The exercise of discretion when in the face of competing demands, the local government determines whether and how to utilize or apply existing resources; or
(e) Failure to make an inspection.
*Nothing contained in this subsection shall be construed to exempt a local government from liability for negligence arising out of acts or omissions of its employees in carrying out their ministerial duties.* (emphasis added).

While the Defendant argues that KRS § 65.2003(3)(b) precludes Mr. Baker's claims against it for failure to enforce the ordinance, the Plaintiff contends that the last sense of KRS § 65.2003 permits the suit against the Fiscal Court because an employee within the Fiscal Court, Defendant Andrew Gillies ("Gillies"), performed ministerial duties. However, in its reply, the Fiscal Court notes that Gillies is not employed by Warren County, and even if he was, Mr. Baker may not pursue his claim against the Fiscal Court because a state law remedy exists that Mr.

4

Baker failed to exhaust in relation to his claim concerning the actions of Gillies.

Here, Gillies is not an employee of the Fiscal Court, nor is he an employee of Warren County.  As such, the required link between Gillies and the Fiscal Court does not exist for purposes of exemption of liability under CALGA because liability may not impute between Gillies and the Fiscal Court.  Additionally, even if Gillies was an employee of the Fiscal Court and/or Warren County, the Court, in a coinciding memorandum opinion addressing the claims against Gillies, has held that the Plaintiff must exhaust his administrative remedies before bringing his claims against Gillies.  Accordingly, the Fiscal Court is immune from liability pursuant to CALGA.

### *Alleged Failure of the Fiscal Court to Enforce the Zoning Ordinance as Actionable*

In its motion, the Defendant argues that the alleged failure of the Fiscal Court to enforce the zoning ordinance is not an actionable tort under state law.  The Plaintiff did not address this argument in his response to the Defendant's motion to dismiss.  The Defendant cites the Kentucky Supreme Court case of *Bolden v. City of Convington*, 803 S.W.2d 577, 580-81 (Ky. 1991).  The plaintiffs in *Bolden* alleged that the city's failure to enforce its safety regulations ultimately caused a fire in a building next door to where an arsonist had started a fire. *Id.* at 578. The Court held that because the city's alleged failure to enforce its statute was regulatory and quasi-judicial in nature, the city would enjoy immunity for any tort arising out the alleged failure. *Id.* at 581.  Specifically, the Court stated:

> The principle of no liability in this narrow and limited area does not rest upon tort immunity but upon the fact that the incompetent performance of judicial and legislative acts is not classified as actionable negligence in the tort system. Tort liability does not extend to "cases where the 'government takes upon itself a regulatory function,' [*Com., Dept. of Banking & Securities v.* ]*Brown*, [605 S.W.2d 497 (1980)], *supra* at 498, which is different from any performed by private persons

> or in private industry, and where, if it were held liable for failing to perform that function, it would be a new kind of tort liability." *Gas Service* [*Co., Inc. v. City of London, Ky.*, 687 S.W.2d 144 (1985)], *supra*, 687 S.W.2d at 149...There is no more legal liability in this situation for the City than there would be where a judge fails to make a decision or makes a wrong one. The trial court's decision that the City must respond in tort in this situation was in error, not because the City enjoys immunity from tort liability, but because the incompetent performance of decision-making activity of this nature by a governmental agency is not the subject of tort liability.

*Bolden*, 803 S.W.2d at 581.

Here, similar to *Bolden*, the alleged failure by the Fiscal Court to enforce the zoning ordinance would qualify as a quasi-judicial and/or regulatory action. As such, there is no legal liability in this situation for the Fiscal Court. Accordingly, the Plaintiff's state law claims against the Defendant fail as a matter of law.

### *Recovery of Punitive Damages Against the Fiscal Court under State Law*

KRS § 65.2002 states:

> The amount of damages recoverable against a local government for death, personal injury or property damages arising out of a single accident or occurrence, or sequence of accidents or occurrences, shall not exceed the total damages suffered by plaintiff, reduced by the percentage of fault including contributory fault, attributed by the trier of fact to other parties, if any.

In *Phelps v. Louisville Water Co.*, the Kentucky Supreme Court, in *dicta*, recognized that KRS § 65.2002 precludes the recovery of punitive damages against local governments. *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 51 (Ky. 2003). Accordingly, the Court finds that the Plaintiff is precluded from recovering punitive damages against the Fiscal Court under state law.

### 2. Federal Law Claims Against the Fiscal Court

The Defendant puts forth two (2) arguments in its motion contending that Mr. Baker has failed to state a claim on which relief may be granted under federal law. In addition, the Defendant also asserts that the Plaintiff cannot recover punitive damages against the Defendant

under his federal law claims. The Court will address each of these arguments individually.

### *§ 1983 Claim Against a Local Government Entity*

A local government entity may be liable under § 1983 through: (1) actions of legislative bodies; (2) agencies exercising delegated authority that amounts to an official policy; (3) the actions of individuals with final decision-making authority; (4) policies of inadequate training or supervision; or (5) custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 473, 480, 481-484 (1986)(citing *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 661 & 694 (1978)); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-390 (1989). Here, the Defendant contends that the Plaintiff has not alleged that the Fiscal Court has adopted a policy or custom that would violate the constitutional rights of the Plaintiff. In his response, the Plaintiff argues that he does not have to allege a policy or custom as set out by *Monell* to demonstrate a property deprivation under § 1983, but instead need only to show a state procedure that violates due process or a random act that causes a property loss. When a plaintiff seeks to hold a local government entity accountable under § 1983, a plaintiff must abide by the procedure set out in *Monell*. *See Harris*, 489 U.S. at 387-90.

In the instant matter, the Plaintiff has not alleged any of the five (5) *Monell* factors to show that the actions of the Fiscal Court violated § 1983. Accordingly, the Plaintiff's § 1983 claim against the Defendant fails to state a claim for which relief may be granted, and therefore, is dismissed.

### *Absolute Immunity under § 1983*

The Fiscal Court contends that it is entitled to absolute immunity from suit under § 1983. In his response, the Plaintiff argues that the Defendant is not absolutely immune because he is

asserting a claim under the takings clause of the Fifth Amendment, and therefore, the Fiscal Court is not entitled to immunity.

The Defendant cites the United States Supreme Court case of *Bogans v. Scott-Harris* in support of its argument. *Bogans v. Scott-Harris*, 523 U.S. 44, 49 (1998). In *Bogans*, the Court held that local officials were entitled to absolute immunity under a Section 1983 claim, even though they allegedly passed a city ordinance to get rid of the plaintiff's job, because local officials receive absolute immunity when performing legislative activities. *Id.* at 54-56. The Sixth Circuit Court of Appeals, in *Collins v. Village of New Vienna*, recognized this decision, noting that "[t]he determination of whether an act was legislative depends upon the nature of the act without regard to the motive or intent of the officials involved." *Collins v. Village of New Vienna*, 75 Fed. Appx. 486, 488 (6th Cir. 2003); *see also Tucker v. City of Richmond, Ky.*, 388 F.3d 216, 223-24 (6th Cir. 2004).

The Defendant contends that its actions are legislative in nature, noting that KRS 67.080(3) and Section 109 of the Kentucky Constitution assign executive and judicial authority to other branches of government, not the Fiscal Court. In his response, Mr. Baker notes that the Fiscal Court is "Warren County's governing body." Here, in looking at the alleged actions by the Defendant, the enforcement and/or lack of enforcement of a zoning ordinance by the Fiscal Court amounts to a legislative activity. *See Collins* at 488. Accordingly, the Defendant is entitled to absolute immunity from suit under § 1983.

### *Recovery of Punitive Damages Against the Fiscal Court under Federal Law*

The United States Supreme Court, in *City of Newport v. Fact Concerts, Inc.*, held that unless authorized by a statute, a plaintiff may not recover punitive damages under § 1983 against

8

a local government entity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 261-265 (1981); *see also* Hays v. Jefferson County, Ky., 668 F.2d 869, 875 n. 3 (6th Cir. 1982)(recognizing that that municipalities are immune from punitive damages in § 1983 actions). The Plaintiff has not challenged this argument in his response. Accordingly, the Court finds that the Plaintiff may not recover punitive damages against the Plaintiff under § 1983.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED**. Accordingly, the claims against Defendant Warren County Fiscal Court are **DISMISSED**.

An appropriate order shall issue.