UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-153-R

MATTHEW BAKER,                                                                      PLAINTIFF

v.

WARREN COUNTY FISCAL COURT, ex rel,
CITY-COUNTY PLANNING COMMISSION OF
WARREN COUNTY et. al.,                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Andrew G. Gillies' ("Mr. Gillies")

Motion to Dismiss (Docket #5).  Co-Defendant, City-County Planning Commission of Warren

County has joined Mr. Gillies' motion to dismiss (Docket #6).  The Plaintiff, Matthew Baker

("Mr. Baker") has responded to this motion (Docket #8), and Mr. Gillies has replied to that

response (Docket #10).  In addition, Mr. Baker has filed a Supplemental Memorandum in

Opposition to the Motion to Dismiss (Docket #14).  This matter is now ripe for adjudication.

For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

This matter relates to the use of property in Warren County, Kentucky, involving an

amusement park owned by Defendant Beech Bend Raceway Park, Inc. ("Beech Bend"), which

sits adjacent to property owned by Mr. Baker.  Mr. Baker alleges that Mr. Gillies, individually

and in his official capacity as Executive Director of the City-County Planning Commission of

Warren County ("CCPC"), has failed to enforce a local zoning ordinance created in 1972 by the

City of Bowling Green and Warren County  ("1972 ordinance")[1], against Beech Bend that would

---

[1]The parties have not listed the name and/or title of the ordinance, only that it was passed in 1972, and that
the Plaintiff alleges that the Defendants violated Paragraphs A, C and D, of Sections 6.2-6.4, respectively.

prohibit it from enlarging, increasing or extending its use of its property.  The Plaintiff seeks a *writ of mandamus* from this Court to order Mr. Gillies and CCPC to enforce the ordinance.  In addition, Mr. Baker seeks a remedy against Mr. Gillies and CCPC for misfeasance, malfeasance, and nonfeasance, claiming that the Defendants have denied the Plaintiff his rights under both state and federal law, including violations of the Plaintiff's equal protection and substantive due process rights under the United States Constitution and Kentucky Constitution, and that the Plaintiff has "suffered" a violation of his rights under 42 U.S.C. § 1983.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).  A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

2

In their motion to dismiss, Defendants Gillies and CCPC assert two (2) arguments as to why the Plaintiff's claims against them fail as a matter of law.  First, the Defendants contend that the Plaintiff's state law claims fail because Mr. Baker has not exhausted his administrative remedies, and therefore, this matter is not ripe for judicial review.  Second, the Defendants contend that the Plaintiff's federal law claims fail because Mr. Baker has not asserted a claim for which relief may be granted.  The Court will address each of these arguments individually.

### 1. Exhaustion of Administrative Remedies Under Kentucky State Law

The Kentucky Supreme Court, in *Kentucky Retirement Systems v. Lewis*, stated that:

> Exhaustion of administrative remedies is a well-settled rule of judicial administration that has long been applied in this state. *See generally Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471-72 (Ky.2004)...[t]he doctrine does not preclude judicial review, but rather delays it until after the expert administrative body has compiled a complete record and rendered a final decision. *Popplewell's*, 133 S.W.3d at 471...Exhaustion of remedies is likewise not required when continuation of an administrative process would amount to an exercise in futility. *Popplewell's*, 133 S.W.3d at 471.  This is the case when a complaint "raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary." *Goodwin* [v. *City of Louisville*], 215 S.W.2d [557,] at 559 [(1948)].

*Kentucky Retirement Systems v. Lewis*, 163 S.W.3d 1, 3 (Ky. 2005).  *Lewis* involved a plaintiff who contended that the prospective application of a statute would violate her constitutional rights. *Id.* at 3-4.  The defendant argued that the plaintiff must exhaust her administrative remedies under the statute before she could bring the claim. *Id.* at 2-3.  The Court of Appeals held that the plaintiff did not have to exhaust her administrative remedies due to an inconsistency between two (2) statutes. *Id.* at 4.  In reversing and remanding that decision, the Kentucky Supreme Court quoted the case of *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky. 2001). *Id.* at 4.  The Court in *DLX, Inc.* held:

Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face. This is because an administrative agency cannot decide constitutional issues. Thus, to raise the facial constitutional validity of a statute or regulation at the administrative level would be an exercise in futility. This exception does not apply in the case at bar, however, because DLX has not challenged the facial validity of the surface mining statutes and regulations. Rather, as its complaint shows, DLX's argument is that the Cabinet's application of the statutes and regulations resulted in an unconstitutional taking of its property.

When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.

*DLX, Inc.*, 42 S.W.3d at 626; *see also Popplewell's*, 133 S.W.3d at 472 (holding that a party must exhaust administrative remedies prior to seeking judicial review of an as-applied constitutional challenge).

In the instant matter, the Defendants note that Warren County has created a Code Enforcement Board, consistent with the Local Government Enforcement Board Act ("LGEBA"), KRS § 65.8801 through 65.8839, whose purpose is "to protect, promote, and improve the health, safety, and welfare of the citizens residing within the local governments of this state by authorizing the creation of administrative boards with the authority to issue remedial orders and impose civil fines in order to provide an equitable, expeditious, effective, and inexpensive method of ensuring compliance with the ordinances in force in local governments." *See* KRS § 65.8801.  A person may report a violation and/or seek remedies under LGEBA by submitting a complaint and/or report to the Code Enforcement Board and/or Code Enforcement Officer. Warren County Zoning Ordinance, Articles 2 and 7, comply with the purpose of LGEBA in

4

providing means for residents to report a violation or a seek a remedy consistent with LGEBA.

Here, Mr. Baker should have exhausted his administrative remedies through LGEBA before bringing his state law claims before the Court.  Warren County provides persons such as Mr. Baker an outlet to file  a violation or grievance based upon a zoning ordinance.  Mr. Baker failed to exhaust this remedy before filing his complaint.  Accordingly, the Court finds that his state law claims are not ripe at this juncture, as the Plaintiff did not properly exhaust his administrative remedies available to him.

In addition, the Court finds that it would not have been futile for Mr. Baker to exhaust his administrative remedies through LGEBA before filing his claims.  Similar to the plaintiffs in *DMX, Inc.*, *Popplewell's* and *Lewis*, Mr. Baker is not challenging the constitutionality of the ordinance on its face, but instead challenges the manner in which he believes the Defendants have applied and/or have failed to apply the 1972 ordinance in regards to the property of Beech Bend.  As such, he has not demonstrated that exhausting his administrative remedies would have been futile under the circumstances.  Therefore, the Court cannot rule on the state law claims of the Plaintiff until he has exhausted his administrative remedies.[2]

## 2. Claims for which Relief may be Granted under 42 U.S.C. § 1983

For a plaintiff to assert a claim under Section 1983, "a plaintiff must allege the deprivation of a constitutional right caused by a person acting under [the] color of state law." *Bell v. Ohio State University*, 351 F.3d 240, 248 (6th Cir. 2003)(*citing Black v. Barberton*

---

[2]The Court notes that in their motion the Defendants offered a second means by which they argue Mr. Baker could have exhausted his administrative remedies; through a complaint with Mr. Gillies and/or the Board of Adjustment. In his response, the Plaintiff offered a letter that he claims was sent to Mr. Gillies prior to the filing of this lawsuit, making a formal complaint.  Based on the finding concerning LGEBA, the Court shall not address this issue at this time.

*Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998)).  Here, the Plaintiff alleges that the Defendants deprived him of his rights guaranteed under the Fifth Amendment and Fourteenth Amendment, asserting takings clause, substantive due process and equal protection clause violations against the Defendants.  In their motion to dismiss, the Defendants contend that the Plaintiffs have failed to allege any factss that give rise to a valid claim under Section 1983.  In addition, in their reply, the Defendants contend that the Plaintiff did not allege the substantive due process claim in its complaint, and therefore, may not raise it in his response to the Defendants' motion.  The Court will address each alleged constitutional deprivation claim separately.

### Takings Clause Claim

The Fifth Amendment prohibits the government from taking private property without just compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985).  However, "[a] takings claim is not ripe for review unless a property owner is denied just compensation [on the state level]." *Coles*, 448 F.3d at 860. As such, a Fifth Amendment just compensation claim is not ripe in federal court until the owner has pursued available state remedies and/or procedures to obtain just compensation. *Coles* at 861 (citing *Williamson*, 473 U.S. at 195).  This includes pursuing all "reasonable, certain and adequate procedures" for obtaining compensation. *Id.*; *see also  DLX, Inc. v. Kentucky*, 381 F.3d 511, 519-520 (6th Cir. 2004).  Here, as addressed *supra*, the Plaintiff has not attempted to exhaust his state remedies to obtain just compensation for his alleged taking, either through the state courts or other administrative agencies.  Accordingly, the Court finds that the Plaintiff's taking clause claim lacks ripeness at this juncture, and therefore, is dismissed.

6

### Substantive Due Process Claim

In his response to the Defendants' motion to dismiss, the Plaintiff claims that the Defendants violated his substantive due process rights. In their reply, the Defendants argue that the Plaintiff did not raise this issue in his complaint, and therefore, it should be dismissed.

In order for the Plaintiff to state a valid §1983 claim for denial of substantive due process, he must first demonstrate he has property and/or liberty interest recognized by United States Constitution (substantive due process). *See Bell*, 351 F.3d at 248-250 (*citing Bd. Of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82 (1978); *Atkins v. Parker*, 472 U.S. 115, 129-31(1985)). The Sixth Circuit Court of Appeals, in *Sutton v. Cleveland Bd. of Education*, held that a property or liberty interest under substantive due process must rise to "the level of a 'fundamental interest.'" *Sutton v. Cleveland Bd. of Education*, 958 F.2d 1339, 1350-51 (6th Cir. 1992).

The Plaintiff must then show that the government entity took an "arbitrary and capricious action in the strict sense." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1221 (6th Cir.1992). This requires a showing that the action taken by the Defendants was without any rational basis. *Id.* at 1221. The Plaintiff must also be able to demonstrate that the alleged irrationality of the Defendants was such that it "shocks the conscience" of the Court. *Id.* at 1222. "The state decision may not be set aside as arbitrary and capricious if there is 'some factual basis' for the administrative action." *Id.* This standard of review is a matter of law to be determined by the Court. *Id.* "[F]ederal courts should 'show great respect' for the local authority's 'professional judgment. Plainly, they may not override it unless it is such a substantial departure from accepted ...norms as to demonstrate that the [decisionmaker]...did not actually exercise

professional judgment." *Id.* (quoting *Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 225, 106 S.Ct. 507, 513, 88 L.Ed.2d 523 (1985)).

In the complaint filed by the Plaintiff, Mr. Baker asserts his allegations against the Defendants in this matter under Counts 5-7.  In Count 7, Mr. Baker specifies the constitutional claims under the Fifth and Fourteenth Amendment, including "a taking and/or deprivation of the plaintiff's enjoyment of his property interests under the Fifth and Fourteenth Amendments of the United States Constitution...it also contrary to the equal protection provisions of the U.S. and Kentucky Constitutions."  In his Supplemental Memorandum, the Plaintiff does not address the Defendants' argument that he did not properly assert a substantive due process claim in his complaint.

In looking at the entirety of the complaint and focusing in particular on the Counts related to the Defendants, the Court finds that the Plaintiff did not raise a substantive due process claim.  While the Plaintiff explicitly stated his takings clause and equal protection clause claims, he did not directly claim or properly raise a substantive due process claim.  Accordingly, the Court shall not address the merits of this claim at this time.

### *Equal Protection Clause Claim*

In his response, the Plaintiff contends that the Defendants discriminated against him because he is a landowner.  When a §1983 plaintiff states a claim under the equal protection clause, the plaintiff must prove by "requisite direct, circumstantial, or statistical evidence that he was the target of racial profiling." *United States v. Saucedo*, 226 F.3d 782, 790 (6th Cir. 2000). This burden requires more than speculation. *Id.* at 790.  In addition, the plaintiff must allege that the state official intentionally discriminated against a member of a protected class. *LRL*

8

*Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1111 (6th Cir. 1995) (*citing Henry v. Metropolitan Sewer Dist.*, 922 F.3d 332, 341 (6th Cir. 1990)).

In the instant case, the Plaintiff has not alleged that he has been the target of racial profiling and/or that the Defendants intentionally discriminated against him because he was a landowner.  Accordingly, the Plaintiff's equal protection clause claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED**. Accordingly, the claims against Defendant Andrew Gillies and City-County Planning Commission of Warren County are **DISMISSED**.

An appropriate order shall issue.