UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-153-R

MATTHEW BAKER,                                                                                    PLAINTIFF

v.

WARREN COUNTY FISCAL COURT, ex rel,
CITY-COUNTY PLANNING COMMISSION OF
WARREN COUNTY et. al.,                                                                       DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Beech Bend Raceway Park, Inc.'s and Beech Bend Park, Inc.'s ("Beech Bend") Motion to Dismiss (Docket #7). The Plaintiff, Matthew Baker ("Mr. Baker") has responded to this motion (Docket #8), and Beech Bend has replied to that response (Docket #11). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion to Dismiss is **GRANTED**.

## BACKGROUND

This matter relates to the use of property in Warren County, Kentucky, involving an amusement park owned by Beech Bend, which sits adjacent to property owned by Mr. Baker. Mr. Baker alleges that Beech Bond has violated a local zoning ordinance created in 1972 by the City of Bowling Green and Warren County ("1972 ordinance")[1]. Mr. Baker argues that Beech Bend should not have been permitted to enlarge, increase or extend its use of the property; Beech Bend should not be permitted to re-establish its nonconforming use after it has been discontinued for twenty-four (24) consecutive months; and Beech Bend should be enjoined, both temporarily and permanently, to remove all facilities and improvements not in existence at the time it took

---

[1]The parties have not listed the name and/or title of the ordinance, only that it was passed in 1972, and that the Plaintiff alleges that the Defendants violated Paragraphs A, C and D, of Sections 6.2-6.4, respectively.

ownership. In sum, the Plaintiff contends that Beech Bend breached its duty to the Plaintiff because it is not obeying the 1972 ordinance, and therefore, is in violation of KRS § 446.070. For this alleged violation, Mr. Baker claims he is entitled to recover damages.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Defendants put forth two arguments in support of their motion to dismiss. First, Beech Bend contends that the Plaintiff has not alleged a justiciable cause of action against Beech Bend for violation of the ordinance. Second, Beech Bend contends that the Plaintiff has failed to exhaust his administrative remedies prior to bringing the suit against the Defendants. The Court

shall address each of these arguments individually.

### 1. Justiciable Action Against Beech Bend

The Defendants contend that Mr. Baker has not alleged a justiciable claim against Beech Bend. Mr. Baker alleges a private cause of action against Beech Bend for not abiding by the 1972 ordinance, and therefore, violating KRS § 446.070. KRS § 446.070 states that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." In addition, in his response to the Defendants' motion to dismiss, the Plaintiff cites the Kentucky Court of Appeals case of *Stratford v. Crossman*, arguing that "a citizen has a right to have his neighbors obey the zoning regulations." *Stratford v. Crossman*, 655 S.W.2d 500, 503 (Ky. App. 1983). However, Kentucky courts have held that a property owner has no private cause of action to bring suit against another property owner for a violation of an ordinance. *See T & M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006)(holding that "any statute" in KRS 446.070 has been held to be limited to Kentucky statutes and not to federal statutes or local ordinances)(citing *Baker v. White*, 65 S.W.2d 1022 (1933); *Alderman v. Bradley*, 957 S.W.2d 264 (Ky. App. 1997)). The Kentucky Supreme Court has held that an ordinance does not impose liability upon an individual property owner to another party because the property owner owes a duty to follow the ordinance to the municipality, not to another party. *Schilling v. Schoenle*, 782 S.W.2d 630, 632-33 (Ky. 1990).

Here, the Plaintiff brings his claim against Beech Bond under KRS § 446.070 for allegedly violating the 1972 ordinance; however, this claim is not justiciable under Kentucky law because the ordinance does not entitle the Plaintiff to a private cause of action against Beech

3

Bend. Accordingly, the Plaintiff has not brought a justiciable cause of action against Beech Bend.

### 2. Failure to Exhaust his Administrative Remedies

The Kentucky Supreme Court, in *Kentucky Retirement Systems v. Lewis*, stated that:

> Exhaustion of administrative remedies is a well-settled rule of judicial administration that has long been applied in this state. *See generally Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, 133 S.W.3d 456, 471-72 (Ky.2004)...[t]he doctrine does not preclude judicial review, but rather delays it until after the expert administrative body has compiled a complete record and rendered a final decision. *Popplewell's*, 133 S.W.3d at 471...Exhaustion of remedies is likewise not required when continuation of an administrative process would amount to an exercise in futility. *Popplewell's*, 133 S.W.3d at 471. This is the case when a complaint "raises an issue of jurisdiction as a mere legal question, not dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary." *Goodwin* [v. *City of Louisville*], 215 S.W.2d [557,] at 559 [(1948)].

*Kentucky Retirement Systems v. Lewis*, 163 S.W.3d 1, 3 (Ky. 2005). *Lewis* involved a plaintiff who contended that the prospective application of a statute would violate her constitutional rights. *Id.* at 3-4. The defendant argued that the plaintiff must exhaust her administrative remedies under the statute before she could bring the claim. *Id.* at 2-3. The Court of Appeals held that the plaintiff did not have to exhaust her administrative remedies due to an inconsistency between two (2) statutes. *Id.* at 4. In reversing and remanding that decision, the Kentucky Supreme Court quoted the case of *Commonwealth v. DLX, Inc.*, 42 S.W.3d 624, 626 (Ky. 2001). *Id.* at 4. The Court in *DLX, Inc.* held:

> Exhaustion of administrative remedies is not necessary when attacking the constitutionality of a statute or a regulation as void on its face. This is because an administrative agency cannot decide constitutional issues. Thus, to raise the facial constitutional validity of a statute or regulation at the administrative level would be an exercise in futility. This exception does not apply in the case at bar, however, because DLX has not challenged the facial validity of the surface mining statutes and regulations. Rather, as its complaint shows, DLX's argument is that the Cabinet's application of the statutes and regulations resulted in an unconstitutional taking of

4

> its property.
>
> When an administrative agency applies a statute unconstitutionally, it acts beyond the bounds of the constitution, rather than passing on a constitutional question. In other words, until a statute has been applied, there can be no unconstitutional application. This is the basis for the rule that one must first show injury as the result of a statutory application, before that application may be attacked as unconstitutional. Thus, exhaustion of administrative remedies is not futile to an as-applied challenge to a statute. Quite the contrary, it is the administrative action which determines the extent, if any, of the constitutional injury.

*DLX, Inc.*, 42 S.W.3d at 626; *see also Popplewell's*, 133 S.W.3d at 472 (holding that a party must exhaust administrative remedies prior to seeking judicial review of an as-applied constitutional challenge).

In the instant matter, the Defendants note that Warren County, Kentucky has created a Code Enforcement Board, consistent with the Local Government Enforcement Board Act ("LGEBA"), KRS § 65.8801 through 65.8839, whose purpose is "to protect, promote, and improve the health, safety, and welfare of the citizens residing within the local governments of this state by authorizing the creation of administrative boards with the authority to issue remedial orders and impose civil fines in order to provide an equitable, expeditious, effective, and inexpensive method of ensuring compliance with the ordinances in force in local governments." *See* KRS § 65.8801. A person may report a violation and/or seek remedies under LGEBA by submitting a complaint and/or report to the Code Enforcement Board and/or Code Enforcement Officer. Warren County Zoning Ordinance, Articles 2 and 7, comply with the purpose of LGEBA in providing means for residents to report a violation or a seek a remedy consistent with LGEBA.

Here, Mr. Baker should have exhausted his administrative remedies through LGEBA before bringing his state law claims before the Court. Warren County provides persons such as

Mr. Baker an outlet to file a violation or grievance based upon a zoning ordinance. Mr. Baker failed to exhaust this remedy before filing his complaint. Accordingly, the Court finds that his state law claims are not ripe at this juncture, as the Plaintiff did not properly exhaust his administrative remedies available to him.

In addition, the Court finds that it would not have been futile for Mr. Baker to exhaust his administrative remedies through LGEBA before filing his claims. Similar to the plaintiffs in *DMX, Inc.*, *Popplewell's* and *Lewis*, Mr. Baker is not challenging the constitutionality of the ordinance on its face, but instead challenges the manner in which he believes the Defendants may have violated the 1972 ordinance in regards to the use of its property. As such, the Plaintiff has not demonstrated that exhausting his administrative remedies would have been futile under the circumstances. Therefore, because the Plaintiff has failed to exhaust his administrative remedies, the Court cannot address his claims against Beech Bend.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED**. Accordingly, the claims against Beech Bend Raceway Park, Inc. and Beech Bend Park, Inc. are **DISMISSED**.

An appropriate order shall issue.