UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CV-153-R

MATTHEW BAKER,                                                                                    PLAINTIFF

v.

WARREN COUNTY FISCAL COURT, ex rel,
CITY-COUNTY PLANNING COMMISSION OF
WARREN COUNTY et. al.,                                                                       DEFENDANTS

## ORDER & OPINION

This matter comes before the Court on Plaintiff Matthew Baker's ("Baker") Motion to Vacate and/or Alter or Amend (Docket #22) the Court's Memorandum Opinions and Orders (Dockets #16-21) granting the Defendants' Motion to Dismiss his complaint (Dockets #5-7). The Plaintiff has also filed a supplemental motion in support of his initial motion (Docket #23). The Defendants, Andrew G. Gillies ("Gillies") and the City/County Planning Commission of Warren County ("Warren County") have responded to the Plaintiff's motion (Docket #24) and the Plaintiff has replied to that response (Docket #26). In addition, Defendant Beech Bend Raceway, Inc. and Beech Bend Park, Inc. ("Beech Bend") have responded to the Plaintiff's motion (Docket #25), and the Plaintiff has replied to that response as well (Docket #27). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motions to Vacate and/or Alter or Amend are **DENIED**.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider

additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834.  A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

In his motion, the Plaintiff contends that the Court erred when it granted the Defendants' motions to dismiss arguing that: 1) the Court's ruling did not address Baker's exhaustion of his administrative remedies pursuant to KRS § 100.271; 2) the Plaintiff satisfied his administrative requirements of filing a complaint with the Code Enforcement Board; and 3) Section 7.3 of the local zoning ordinance permits the Plaintiff to file private right of action against the Defendants. The Court shall address each of these arguments separately.

### 1. Exhaustion of Administrative Remedies Pursuant to KRS § 100.271

The Plaintiff contends that the Court should have addressed the argument that Baker could have exhausted his administrative remedies by writing a letter and sending it directly to Gillies.  In particular, the Plaintiff takes issue with footnote 2 of the Court's Memorandum Opinion (Docket #18) addressing the Motion to Dismiss filed by Gillies (Docket #5).  In its Memorandum Opinion, the Court held that Baker did not exhaust his administrative remedies because he did not abide by the procedures set in place by the Warren County Local Government Enforcement Board Act.  Footnote 2 from that opinion states:

> The Court notes that in their motion the Defendants offered a second means by which they argue Mr. Baker could have exhausted his administrative remedies; through a complaint with Mr. Gillies and/or the Board of Adjustment. In his response, the Plaintiff offered a letter that he claims was sent to Mr. Gillies prior to the filing of this lawsuit, making a formal complaint.  Based on the finding concerning LGEBA, the Court shall not address this issue at this time.

The Court shall address this issue at this time.

The June 5, 2002 letter sent by Baker to Gillies did not constitute an exhaustion of his administrative remedies. Even assuming that the letter constituted a complaint under the board regulations, and even assuming that by not responding to his letter Gillies denied the complaint, Baker could have and should have appealed Gillies' inaction to the Board of Adjustment within thirty (30) days as mandated by KRS § 100.347(1). That statute states, in pertinent part:

> Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review.

Baker did not appeal this decision the Board of Adjustment within thirty (30) days after Gillies ignored his letter. *See Burns v. Peavler*, 721 S.W.2d 715, 717-18 (Ky. Ct. App. 1986)(holding that a property owner who challenges a decision of a zoning enforcement officer may not appeal that decision to the circuit court without timely appealing to the board of adjustment). Therefore, even assuming Baker's letter to Gillies qualified as a formal complaint, Baker still failed to exhaust his administrative remedies.[1]

### 2. Filing a Complaint with the Code Enforcement Board

As determined *supra*, Baker's June 5, 2002 letter to Gillies did not constitute an

---

[1] The Court also finds that the June 5, 2002 letter from Baker to Gillies does not qualify as a formal complaint for purposes of exhausting his administrative remedies because the Plaintiff did not utilize the proper means that existed in order to file a formal complaint, but he instead sent an informal letter directly to an official. Therefore, Baker did not abide by the appropriate administrative requirements. *See Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978)(holding "[w]hen grace to appeal is granted by statute, a strict compliance with its terms is required."); *Rosary Catholic Parish of Paducah v. Whitfield*, 729 S.W.2d 27, 28-29 (Ky. Ct. App. 1987)(holding that "[s]eeking judicial relief without first utilizing his administrative remedy was in clear disregard of applicable state statutes.").

exhaustion of his administrative remedies. Accordingly, the Plaintiff did not satisfy his administrative requirements in a filing a proper complaint with the Code Enforcement Board.

### 3. Private Right of Action under Section 7.3 of the Warren County Zoning Ordinance

The Plaintiff contends that Section 7.3 of the Warren County zoning ordinance entitles Baker to a private right of action against the Defendants. However, as determined in its Memorandum Opinion, the Court stated the rulings of the Kentucky Supreme Court in both *Schilling v. Schoenle*, 782 S.W.2d 630, 632-34 (Ky. 1990) and *T & M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006), in interpreting and applying KRS § 446.070, held that a local ordinance does not impose liability upon an individual property owner to another party because the property owner owes a duty to follow the ordinance to the municipality, not to another party. As such, the Court has already addressed this issue, and therefore, the Plaintiff is precluded from re-litigating this matter in this motion. *GenCorp*, 178 F.3d at 834.

However, even assuming that Section 7.3 does provide Baker with a private right of action against the Defendants in this matter, that ordinance would be trumped by KRS § 446.070, which the Kentucky Supreme Court has held precludes a private right of action against parties such as the Defendants, because the state statute would preempt any local ordinance on the same matter. *See Fiscal Court of Jefferson County v. Don Ridge Land Developing Co., Inc.*, 669 S.W.2d 922, 924-5 (Ky. 1984); *Whitfield*, 729 S.W.2d at 29. Accordingly, the Plaintiff's re-argument of this matter fails as a matter of law.

### CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motions to Vacate and/or Alter or Amend (Dockets #22 & #23) are **DENIED**.